UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES L. RADTKE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV00213 ERW |
| ) | |
| REBECCA WINZEN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant American Psychiatric Association's ("APA") Motion to Require Dismissal with Prejudice or Payment of Fees Upon Refiling [ECF No. 55].

On January 31, 2013, Plaintiff James L. Radtke, Jr. ("Radtke") filed a Complaint against the APA and other defendants, asserting claims for false arrest, false imprisonment, battery, and conspiracy to interfere with civil rights [ECF No. 1]. Radtke filed his Amended Complaint on April 3, 2013, bringing a "(Non-medical) Negligence" claim against APA and one other defendant, Allen Frances, M.D. ("Frances"); a defamation claim against three other named defendants; and a strict product liability claim against APA, in addition to the claims he previously asserted. [ECF No. 12]. On May 20, 2013, APA and Frances filed motions to dismiss [ECF Nos. 33, 34].

Radtke originally opposed these dismissal motions, but subsequently moved to dismiss the three claims he had asserted against APA and Frances, filing a "Notice of Voluntary Dismissal of Counts V, VI, and VIII" on July 19, 2013 [ECF No. 52-53]. Thereafter, on July 23, 2013, the Court acknowledged filing of Radtke's Notice of Voluntary Dismissal of all claims asserted against APA and Frances in his Complaint, denied these defendants' two pending

dismissal motions as moot, and dismissed Counts V, VI and VIII of the Complaint without prejudice [ECF No. 54].  On that same date, APA filed the pending "Motion to Require Dismissal with Prejudice or Payment of Fees upon Refiling" ("Motion") [ECF No. 55].  Radtke filed "Plaintiff's Response to the Motion by Defendant APA to Require Dismissal with Prejudice or Payment of Fees upon Refiling" on July 31, 2013 [ECF No. 58].

In its Motion, APA requests, pursuant to Federal Rules of Civil Procedure 15 and 41, the Court "to require that Plaintiff's dismissal of APA be with prejudice, or alternatively, that it be conditioned upon a requirement that Plaintiff pay APA's fees herein if Plaintiff ever refiles this action or a closely similar one, against APA [ECF No. 55 at 1].  APA contends Radtke had to have known his theories of recovery against APA were untenable when he filed this action, but had nevertheless continued to pursue his claims through the full briefing of the motions to dismiss.  APA argues that, by dismissing, without prejudice, his claims against it "on the eve of a decision on APA's Motion to Dismiss," Radtke was trying to ensure he could refile his claims, or substantially similar claims, against APA.

APA acknowledges that Rule 41 permits a unilateral voluntary dismissal before the filing of an answer or motion for summary judgment, but contends the rule's terms apply only to a dismissal of an entire action.  APA asserts that, where a party seeks to dismiss voluntarily a part of a multi-party matter, the dismissal action is more properly viewed as a proposed amendment to the pleadings, subject to Rule 15(a)(2), and requires the non-moving party's consent, or leave of court, prior to amendment.  APA contends the circumstances of this matter call for equitable conditions to be placed on the dismissal of Radtke's claims against APA.

In his Response to APA's Motion, Radtke denies any intention to escape an adverse decision or seek a more favorable forum, and he notes that Rule 41 does not require plaintiffs to

2

secure court approval to dismiss cases without prejudices if they do so before defendants serve an answer or summary judgment motion [ECF No. 58].

"[A] plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A).  Unless the notice states otherwise, the dismissal is without prejudice.  Fed. R. Civ. Civ. P. 41(a)(1)(B).  A voluntary dismissal pursuant to Rule 41(a) renders the proceedings a nullity, leaving the parties as if the claim had never been brought, and depriving the Court of jurisdiction over the withdrawn claim.  *See Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995); *Safeguard Bus. Sys. Inc. v. Hoeffel*, 907 F.2d 861, 863-64 (8th Cir. 1990).  Radtke filed his notice of voluntary dismissal, in accordance with Rule 41(a)(1),  before APA filed an answer or a summary judgment motion in this matter.  Such notice operates as a matter of right upon receipt by the Court, and does not require the Court's permission. *Safeguard Bus. Sys. Inc.*, 907 F.2d at 863.  Thus, Radtke's voluntary dismissal must be given effect, as this Court no longer has jurisdiction over Radtke's claims against APA.  The Court will deny APA's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Psychiatric Association's Motion to Require Dismissal with Prejudice or Payment of Fees Upon Refiling [ECF No. 55] is **DENIED**.

Dated this   20th   day of August, 2013.

                                                    E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE